FILED ___ LODGED ___ ENTERED ___ RECEIVED
AUG 1 0 2006   LK
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

06-CV-01132-CMP

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

DAVID LAHOTI, an individual,

    Plaintiff,

vs.

VERICHECK, INC., a Georgia corporation,

    Defendant.

NO. **C06-1132** JLR

**COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT AND LAWFUL USE OF THE <VERICHECK.COM> DOMAIN NAME**

DAVID LAHOTI hereby alleges for his complaint against VERICHECK, INC., on personal knowledge as to his own activities, and on information and belief as to the activities of others, as follows:

**I. NATURE OF THE CASE**

1.    Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 that his registration and use of the domain name <vericheck.com> (the "Domain Name") does not violate Defendant's rights under the Anticybersquatting Consumer Protection Act (15 U.S.C. §1125(d)) ("ACPA") or otherwise under the Lanham Act (15 U.S.C. § 1051 *et seq.*).

2.    Plaintiff brings this action to confirm his rights in the Domain Name and prevent its transfer to Defendant.

COMPLAINT - 1

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800


ORIGINAL

## II. JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff seeks a declaration, pursuant to 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201, that his registration and use of the Domain Name does not violate Defendant's claimed rights in VERICHECK (the "Alleged Mark") under the ACPA or otherwise under the Lanham Act.

4.    This Court has personal jurisdiction over Defendant because Defendant agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding pursuant to the Uniform Domain-Name Dispute-Resolution Policy (the "UDRP") concerning the Domain Name.  Specifically, Defendant agreed to jurisdiction at the location of the principal office of the concerned registrar, eNom Inc., which is located in Bellevue, Washington.

5.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) because the Domain Name registrar (eNom Inc.) is located in Bellevue, Washington, which is in this judicial district.

## III. PARTIES

6.    Plaintiff David Lahoti is an individual residing in California.

7.    Plaintiff registers domain names under the role/alias "Admin Manager".

8.    Defendant Vericheck, Inc. is a Georgia corporation.

## IV. FACTS

9.    Plaintiff registered the Domain Name in March, 2003 under the role/alias "Admin Manager".

10.    Plaintiff registered the Domain Name through the domain name registrar eNom Inc. whose offices are located in Bellevue, Washington.

11.    At the time of registration of the Domain Name, Plaintiff was not aware of Defendant's existence and had no knowledge of any third party with rights in "Vericheck" or "vericheck.com".

COMPLAINT - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

12.     On January 31, 2003, Defendant filed an application with the United States Patent and Trademark Office ("PTO") for VERICHECK, INC. ELECTRONIC CHECK VERIFICATION NETWORK with respect to "Check processing Check verification Check conversion Transaction processing" [sic].

13.     The PTO rejected Defendant's application to register VERICHECK, INC. ELECTRONIC CHECK VERIFICATION NETWORK.

14.     Among its reasons for rejecting Defendant's application was that an unrelated third party (also named Vericheck, Inc.) owned a prior U.S. registration for VERICHECK, in connection with identical check verification services.

15.     The PTO indicated Defendant's proposed mark "so resembled" the prior registered trademark that it was "likely to cause confusion, to cause mistake, or to deceive".

16.     After the PTO rejected Defendant's trademark application, Defendant abandoned it.

17.     To this day, Defendant has not registered the Alleged Mark with the U.S. Patent and Trademark Office.

18.     Numerous third parties used "vericheck" well before Defendant's claimed first use of the Alleged Mark, as a generic or merely descriptive term for check verification services.

19.     Defendant cannot assert the exclusive right to use the Alleged Mark, or to register or use domain names containing the Alleged Mark.

20.     Defendant has no trademark rights in the Alleged Mark.

21.     Defendant has no rights in the Domain Name.

22.     On June 20, 2006, Defendant submitted a complaint pursuant to the UDRP to the National Arbitration Forum seeking transfer of the Domain Name to Defendant.

23.     On August 2, 2006, a UDRP panelist issued a decision directing that the registration of the Domain Name be transferred to Defendant.

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    24.    The UDRP expressly provides that a domain name transfer directed by

2  a UDRP panelist shall not be implemented if a lawsuit is commenced against the

3  complainant (*i.e.*, the defendant in this case) within ten (10) business days of the

4  date of the UDRP panelist's decision.

5    25.    The UDRP also provides that any lawsuit relating to a domain name

6  subject to a UDRP decision shall be reviewed *de novo* - that is, without regard for

7  the UDRP decision.

8    26.    Plaintiff commenced this action within said ten (10) business day

9  period to prevent transfer of the Domain Name and seek an order declaring that

10  Plaintiff's use and registration of the Domain Name does not violate Defendant's

11  rights.

12                            **V.  FIRST CAUSE OF ACTION**
                      **DECLARATORY RELIEF - 28 U.S.C. § 2201**
13                              **NO VIOLATION OF ACPA**

14    27.    Plaintiff incorporates the allegations set forth in paragraphs 1 through

15  26 above as though fully set forth herein.

16    28.    There is an actual controversy with respect to whether Defendant is

17  entitled to transfer of the Domain Name based on Defendant's rights under the

18  ACPA.

19    29.    At the time Plaintiff registered the Domain Name the Alleged Mark

20  was neither "distinctive" nor "famous" as provided under 15 U.S.C.

21  §1125(d)(1)(A)(ii).

22    30.    In registering the Domain Name Plaintiff lacked any "bad faith intent"

23  as provided in 15 U.S.C. §1125(d)(1)(A)(i), to profit from Defendant's alleged

24  trademark.

25    31.    Defendant has no right to the exclusive use of the Alleged Mark, nor

26  did it have such a right at the time Plaintiff registered the Domain Name.

27    32.    Plaintiff had reasonable grounds to believe his registration and/or use

28  of the Domain Name was a fair use or otherwise lawful, as provided in 15 U.S.C.

COMPLAINT - 4                    NEWMAN & NEWMAN,          505 Fifth Ave. S., Ste. 610
                                 ATTORNEYS AT LAW, LLP     Seattle, Washington 98104
                                                           (206) 274-2800

1  §1125(d)(1)(B)(ii).

2      33.  Plaintiff's registration or use of the Domain Name does not violate

3  Defendant's rights under the ACPA.

### VI.  SECOND CAUSE OF ACTION
### DECLARATORY RELIEF - 28 U.S.C. § 2201
### NO VIOLATION OF LANHAM ACT

6      34.  Plaintiff incorporates the allegations set forth in paragraphs 1 through

7  33 above as though fully set forth herein.

8      35.  There is an actual controversy with respect to whether Defendant is

9  entitled to transfer of the Domain Name based on Defendant's rights under the

10 Lanham Act.

11     36.  Plaintiff's registration and use of the Domain Name does not, and is

12 not likely to, cause confusion, or to cause mistake, or to deceive as to the affiliation,

13 connection, or association of Plaintiff with Defendant, or as to the origin,

14 sponsorship, or approval of Plaintiff's goods, services, or commercial activities by

15 Defendant.

16     37.  Plaintiff's registration and use of the Domain Name does not

17 misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiff's

18 or Defendant's goods, services, or commercial activities.

19     38.  Plaintiff's registration or use of the Domain Name does not violate

20 Defendant's rights under the Lanham Act.

21     39.  Pursuant to 15 U.S.C. §1114(2)(D)(v), Plaintiff is entitled to injunctive

22 relief including but not limited to an order prohibiting the transfer of the Domain

23 Name to Defendant.

### VII.  RELIEF REQUESTED

25     WHEREFORE, Plaintiff DAVID LAHOTI prays for the following relief:

26     1.  A Judgment declaring that Plaintiff David Lahoti's registration and use

27 of the Domain Name does not violate Defendant's rights under the

28 Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

COMPLAINT - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    2.    A Judgment declaring that Plaintiff David Lahoti's registration and use
2  of the Domain Name does not violate Defendant's rights under the Lanham Act, 15
3  U.S.C. §1051 *et seq.*

4    3.    A Judgment declaring, pursuant to 15 U.S.C. §1114(2)(D)(v) *inter*
5  *alia*, that Plaintiff David Lahoti is not required to transfer the registration for the
6  Domain Name to Defendant.

7    4.    Injunctive relief to the extent necessary to prohibit transfer of the
8  Domain Name to Defendant.

9    5.    Award to Plaintiff David Lahoti of his costs and attorney's fees.

10    6.    That the Court grant such other, further, and different relief in favor of
11  Plaintiff and against Defendant as the Court deems proper under the circumstances.

13    DATED this 10th day of August, 2006.

15                    Respectfully Submitted,

16                    **NEWMAN & NEWMAN,**
                      **ATTORNEYS AT LAW, LLP**

18          By:  _____
19                    Derek A. Newman, WSBA No. 26967
                      Randall Moeller, WSBA No. 21094

21                    Attorneys for Plaintiff
                      DAVID LAHOTI

COMPLAINT - 6                    NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP    505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800